UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:

NATASHA GOODMAN,

    Plaintiff(s),

v.

TIM TEAM LLC d/b/a
ORLANDO MOTEL,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, NATASHA GOODMAN ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint for Damages and Demand for Jury Trial against Defendant, TIM TEAM LLC d/b/a ORLANDO MOTEL (hereinafter "Defendant"), and alleges as follows:

**INTRODUCTION**

1. Defendant unlawfully deprived Plaintiff of overtime during the course of her employment. This is an action arising under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201–216*, to recover all wages owed to Plaintiff during the course of her employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Orange County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, was a Florida limited liability company operating its business at 6510 West Colonial Drive, Orlando, Florida 32818, within the jurisdiction of this Honorable Court.

4. Defendant was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

5. All acts and omissions giving rise to this dispute took place within Orlando, Florida, within the jurisdiction of this Honorable Court.

6. Defendant regularly transacts business in Orange County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

7. Venue is also proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

8. Defendant owns and operates a motel in Orlando, Florida, that provides lodging and accommodations to visitors and tourists from around the world.

9. Defendant employs individuals such as Plaintiff to provide front desk services to individuals planning to visit the Orlando, Florida, area and to assist with those individuals when they arrive to the motel.

## FLSA COVERAGE

10. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant's business and Plaintiff's work for affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of

the same. Accordingly, Defendant was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

11. During his employment with Defendant, Plaintiff, and multiple other employees, handled and worked with various good and/or materials that have moved through interstate commerce, including, but not limited to the following: mattresses, bed sheets, towels, tables, lamps, chairs, sofas, beds, bed frames, desks, couches, home décor, frames, mirrors, telephones, computers, keyboards, pencils, pens, notepads, room keys, entertainment sets, accent furniture, packing boxes, screw drivers, screws, packing materials, etc.

12. Defendant regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

13. Upon information and belief, Defendant has grossed in excess of $500,000.00 in 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

14. During all material times hereto, Plaintiff was an hourly non-exempt employee of Defendant within the meaning of the FLSA.

15. During this time period, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of Defendant; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

16. Moreover, the economic realities of Plaintiff's work for Defendant rendered Plaintiff an employee. Defendant provided Plaintiff equipment and tools to perform work, Defendant provided and required Plaintiff and other similar employees to wear a uniform and/or suitable attire, Defendant controlled and directed the work performed by Plaintiff, Defendant set Plaintiff's

work hours and responsibilities, and Plaintiff relied upon Defendant for his employment and work and was not free to actively work elsewhere during the time periods that Defendant scheduled her to work.

## PLAINTIFF'S WORK FOR DEFENDANT

17. In or about July 2019, Defendant hired Plaintiff to perform front desk services at the motel owned and operated by Defendant in Orlando, Florida.

18. After hiring Plaintiff, Defendant intentionally failed to accurately record all of Plaintiff's hours worked during certain workweeks so that Defendant could avoid having to pay Plaintiff in accordance with federal overtime laws.

19. Defendant paid Plaintiff at a regular hourly rate of eight dollars and forty-five cents ($8.45) per hour for certain (but not all) hours worked.

20. During her employment, Plaintiff regularly worked in excess of forty (40) hours per week but was not properly compensated in accordance with the FLSA for all of the overtime hours she worked.

21. Indeed, Plaintiff often worked an average of 60-70 hours per week for defendant.

22. Defendant was expressly aware of the work performed by Plaintiff through its managers, and in fact instructed and directed Plaintiff to perform much (if not all) of this work, but nevertheless required Plaintiff to continue working without receiving proper compensation for the hours worked during the relevant period of her employment.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. 207

23. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 22 as though set forth fully herein.

24. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

25. During the time period relevant to this lawsuit, Plaintiff regularly worked in excess of forty (40) hours per week.

26. However, Defendant failed to properly compensate Plaintiff at a rate of time-and-one-half her regular hourly rate for hours worked over forty (40) per week as required under the FLSA in one or more workweeks during the employed period.

27. Plaintiff is entitled to recover statutorily proscribed federal overtime wages at a rate time-and-one-half per hour, for all hours worked in excess of forty (40) per week.

28. Plaintiff received a regular hourly rate of eight dollars and forty-five cents ($8.45) per hour. However, Defendant failed to pay Plaintiff at her proper overtime rate of time-and-one-half her regular hourly rates for all hours of work Plaintiff performed in excess of forty (40) each week.

29. Accordingly, Plaintiff is entitled to overtime wages at the rate of twelve dollars and sixty-seven cents ($12.67) per hour for each hour worked over forty (40) in any given workweek.

30. Accordingly, Plaintiff is entitled to recover damages for federal overtime wage violations during her employment.

31. However, Defendants intentionally and/or willfully violated the FLSA or were reckless and/or indifferent as to their compliance with federal overtime law. Plaintiff is therefore entitled to liquidated (double) damages under federal law.

32. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial, including, but not limited to, a sum equivalent to the unpaid overtime compensation as required by *29 U.S.C. § 216(b)* and any such further damages as may be shown at the time of trial.

33. Plaintiff has been required to retain the undersigned law firm to prosecute his claims and is therefore entitled to recover attorney's fees and costs under the FLSA.

WHEREFORE, Plaintiff, NATASHA GOODMAN respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, TIM TEAM LLC d/b/a ORLANDO MOTEL, and award Plaintiff: (a) double unpaid overtime wages as provided by the FLSA to be paid by the Defendant; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## **COUNT II – FLSA RETALIATION – 29 U.S.C. § 215**

34. Plaintiff re-avers and re-alleges Paragraphs 1 through 22 above, as though fully set forth herein.

35. Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or caused to be instituted any proceeding under or related to the FLSA.

36. Throughout her employment period with Defendant, Plaintiff was an exemplary employee and never received any write-ups or other disciplinary action from Defendant.

37. On or about January 5, 2021, Plaintiff contacted notified her manager Rhonda that violations of federal wage law had been committed by Defendant for its failure to properly pay her for the hours that she worked.

38. Just after receiving Plaintiff's complaint, Defendant swiftly terminated Plaintiff and demanded that Plaintiff immediately vacate the property.

39. Defendant took the above actions against Plaintiff in direct response to Plaintiff opposing the Defendant's unlawful practices and reporting the violations of federal law to the DOL.

40. Defendants took this action against Plaintiff for no reason other than to punish Plaintiff for complaining about and reporting its unlawful conduct and chill Plaintiff's exercise of her rights under federal law.

41. As a direct result of Defendant's conduct, Plaintiff has suffered loss of front wages, loss of reputation in the community, and has otherwise suffered damages in an amount to be proven at trial.

42. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, NATASHA GOODMAN, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, TIM TEAM LLC d/b/a ORLANDO MOTEL, and respectfully requests that she be awarded the following relief: (a) damages in an amount to be proven at trial and to be paid by the Defendant; (b) reasonable attorney's fees and costs to be paid by the Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, NATASHA GOODMAN, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 14th day of January 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Natasha Goodman*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on January 14, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: